UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSIAH BEACHEM,

    Plaintiff,

v.                                                                                    Case No. 5:24-cv-270-TKW-MJF

RICHARD ZIPF and MARK SMITH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    The District Court should dismiss this civil action because Plaintiff has failed to comply with two court orders and failed to prosecute this action.

### BACKGROUND

    On December 4, 2024, Plaintiff filed a complaint, Doc. 1, and on January 2, 2025, Plaintiff filed an amended complaint. Doc. 5. In his complaints, Plaintiff alleged that Defendant Richard Zipf, an officer employed by the Panama City Police Department, violated Plaintiff's Fourth and Fourteenth amendment rights when he: (1) arrested Plaintiff without probable cause; (2) fabricated evidence; (3) committed perjury; and (4) initiated malicious prosecution against Plaintiff. Docs. 1, 5.

Plaintiff also alleged that Defendant Mark Smith, Chief of Police, and the Panama City Police Department violated the Fourth and Fourteenth Amendments by failing to adequately train and supervise officers.

On February 24, 2025, the undersigned ordered Plaintiff to file a notice of dismissal or an amended complaint because Plaintiff failed to state a facially plausible claim for relief against the named Defendants. Doc. 10. The undersigned imposed a compliance deadline of March 24, 2025, and warned Plaintiff that failure to comply with the order likely would result in dismissal of this action. *Id.* Plaintiff did not comply with that order.

On April 23, 2025, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of February 24, 2025. Doc. 11. The undersigned imposed a compliance deadline of May 23, 2025 and again warned Plaintiff that failure to comply with the order likely would result in dismissal. Plaintiff has not complied with that order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty.*

*Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with two court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 10th day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**